SEELEY *a.* GARRISON.

*New York Common Pleas ; General Term, May,* 1860.

SUPPLEMENTARY PROCEEDINGS.—EXAMINATION OF THIRD PARTY.

In proceedings for the examination of third parties under section 294 of the Code, it is not necessary that execution should be first returned before the order can be made.

Whether the judgment-debtor should have notice of such proceedings, is in the discretion of the judge.

It is competent for the judge in making such order to enjoin the person to whom it is directed, from disposing of the money due till the further order of the court.

Form of affidavit and order in such proceedings.

Appeal from an order in supplementary proceedings, refusing to set aside an order for the examination of parties alleged to be indebted to the judgment-debtor.

The plaintiff having recovered judgment against the defendant, applied to a judge of the court for an order in supplement-

ary proceedings, under section 294 of the Code, to require third parties to appear and be examined. The affidavit on which the application was made was as follows :

[TITLE OF THE CAUSE.]

" Isaac P. Martin, one of the attorneys for the above-named plaintiff being duly sworn says, that judgment was recovered in this action against the above-named defendant, Cornelius K. Garrison, in the above-named court, on the 21st day of March, 1859, for $16,568.96, and the judgment-roll filed on that day in the office of the clerk of the said court, and a transcript thereof filed, and the said judgment docketed in the office of the clerk of the city and county of New York. That an execution thereon against the property of the judgment-debtor has been duly issued to the sheriff of the city and county of New York. That the judgment-debtor resided in said county at the time of issuing such execution, and still so resides, and that such execution has not been satisfied ; and that Cornelius Vanderbilt has property of the judgment-debtor, and is indebted to him in amount exceeding ten dollars.

" Sworn, &c., April 11, 1859."

Upon this affidavit an order was granted by Judge Daly as follows :

[TITLE OF THE CAUSE.]

" It appearing to me by affidavit on behalf of the plaintiff that an execution against the property of Cornelius K. Garrison, the defendant in this action, has been duly issued to the sheriff of the proper county upon the judgment herein, and that Cornelius Vanderbilt has property of the judgment-debtor, and is indebted to him in an amount exceeding ten dollars ; I do hereby require the said Cornelius Vanderbilt to appear before me, at, &c., on, &c., to answer and be examined concerning the same, and in the mean time, and until the further order of the court, the said Cornelius Vanderbilt is hereby enjoined and restrained from making any transfer or other disposition of the property of the said judgment-debtor, not exempt from execution, and from any interference therewith, or from doing any act

or thing whereby the said plaintiff may lose preference, or be damaged or hindered herein."

Two similar orders were made upon similar affidavits concerning other parties.

On the return-day of the order, the parties thus required to submit to examination, appeared before Judge Hilton, and moved that the orders be discharged for want of jurisdiction. The motion was denied, and the defendant now appealed.

*I. T. Williams*, for the appellants.—I. Before supplementary proceedings can be instituted, remedy by execution must be exhausted. (Lowber *a.* Mayor, &c., of New York, 5 *Abbotts' Pr. R.*, 268; 7 *Ib.*, 250; Pudney *a.* Griffith, 6 *Ib.*, 211; Nagle *a.* James, 7 *Ib.*, 234; Sackett *a.* Newton, 10 *How. Pr. R.*, 560; Ritterband *a.* Merrequit, 12 *L. O.*, 158.) The execution must be *returned*. (Eagle *a.* Bowman, 2 *Sandf.*, 679; Sackett *a.* Newton, 10 *How. Pr. R.*, 560.)

II. The proceeding under section 294 is merely in aid of the principal proceeding, and cannot be resorted to independently. (Sherwood *a.* Buffalo and New York City Railroad Company, 12 *How. Pr. R.*, 136; Hinds *a.* Canandaigua and Niagara Falls Railroad, 10 *Ib.*, 487.) No receiver can be appointed under this section, but only on proceedings under section 292. (Kemp *a.* Harding, 4 *Ib.*, 178; Dorr *a.* Noxon, 5 *Ib.*, 29; Barker *a.* Johnson, 4 *Abbotts' Pr. R.*, 435, and cases above cited.) Also see Tycherson *a.* Tycherson (*Voorhies' Code*, 5th ed., 406).

III. The portion of the order which enjoins any disposition, seems to be premature; there is no such authority in section 294. (See King *a.* Tucker, 1 *Duer*, 635.)

BRADY, J.—It is not necessary in all applications under section 292 of the Code that the execution should be returned. The second subdivision of that section provides that after *the issuing* of an execution against property, and upon proof by affidavit of a party or otherwise, to the satisfaction of the court or a judge thereof, that any judgment-debtor has property which he unjustly refuses to apply towards the satisfaction of the judgment; such court or judge, having jurisdiction, may by an order require the judgment-debtor to appear at a specified time and

place, to answer concerning the same. And by section 294, the judge may, after the issuing of an execution, require any person having property of the judgment-debtor, or being indebted to him in a sum exceeding ten dollars, to appear before him at a specified time and place, to answer concerning the same. The same section provides that the judge may *also* in his discretion require notice of such proceeding to be given to any party to the action, in such manner as may seem to him proper. It is not necessary when the proceeding is under the section last referred to, that the remedy should be exhausted first against the debtor. The creditor has a right, as soon as the .execution is issued, to demand the application of property owned by the debtor, and, upon refusal, to proceed under the second subdivision of section 292, or to adopt a proceeding under section 294, against any person having property of the debtor, or being indebted to him in the sum of ten dollars. Section 294 does not require notice of the application or proceeding to be given to the debtor. Whether it shall be given or not depends upon the discretion of the judge conducting the proceeding; and there, in my judgment, it should rest. The intended operation of the statute might often be defeated by collusion between the judgment-debtor and his debtor if notice were in all cases required to be given; and hence the provision that the propriety of notice shall depend upon the circumstances of each case.

The section provides for notice, in the discretion of the judge; and the maxim " *expressio unius est exclusio alterius*," applies. Any other notice is excluded. The section is also analogous to section 293, which provides that after the issuing of the execution, any person indebted to the judgment-debtor may pay to the sheriff the amount of his debt, and that without notice to the judgment-debtor.

The defendant insists, in addition to the objections considered, that the restraining clause of the order is unauthorized. I think not. By section 297, the judge may order any property of the judgment-debtor in his hands exempt from execution, or due to the judgment-debtor, to be applied towards the satisfaction of the judgment; and if the order requiring the debtor of the judgment-debtor to appear, was not intended to prevent a payment of the debt to the judgment-debtor, then the judgment-debtor might collect and appropriate it at any time before his debtor

was directed to pay it. Such was not the design of the Legislature in creating section 294. The legal operation of the order should be to suspend the right of payment; and there can be no impropriety in advising the person proceeded against, by inserting in the order a command not to dispose of the money due until the further order of the court. At all events, I think such a provision is in perfect harmony with the general character of the sections of the Code relating to supplementary proceedings, and fully authorized by them.

Order appealed from affirmed, with $10 costs.

DALY, F. J., and HILTON, J., concurred.